UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO ARANZUBIA,<br><br>       Petitioner,<br><br>   v.<br><br>STEVEN MERLAK, et al.,<br><br>       Respondents. | Case No.: 1:19-cv-01569-NONE-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. 12)<br><br>TWENTY-ONE DAY OBJECTION DEADLINE |

On November 4, 2019, Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) The Respondent has moved the Court to dismiss the action as moot. (Doc. 12.) Petitioner did not file an opposition. The Court recommends that the petition be **DISMISSED** as moot.

**DISCUSSION**

I.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(4) provides that the rules are applicable "to proceedings for habeas corpus . . .

to the extent that the practice in those proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases and has previously conformed to the practice in civil actions." Fed. R. Civ. P 81(a)(4).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on mootness.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Mootness

Respondent contends that the instant petition is now moot. Specifically, Respondent states that Petitioner initiated another matter in this Court on January 7, 2020, which claimed the same First Step Act relief as the instant petition. (See Doc. 12 at 1-2.) In that case, Petitioner filed a notice of no objection to the findings and recommendations, stating that he had been deemed eligible to earn time credits pursuant to 18 U.S.C. § 3632(d) and therefore "no longer require[d] the assistance of the Court in this matter[.]" See Aranzubia v. Merlak, No. 1:20-cv-00016-DAD-SKO.[1] This Court dismissed that petition for failure to exhaust administrative remedies. See id.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case

---

[1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

Because the Court previously dismissed the petition seeking in essence the same relief and Petitioner acknowledged receipt of the relief he sought and withdrew his demand for such relief in that matter, Respondent is correct that the instant petition is moot and should be dismissed.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED as moot.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten court days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 2, 2020**           /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE